FLNB LF 13-21 (Eff. 12/1/17)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:  
LINDA MAZON JACOBS

Case No. 21-10139-KKS  
Chapter 13

☒ Check if this is an AMENDED PLAN **SECOND**

_____/
Debtor(s)[1]

## CHAPTER 13 PLAN

### PART 1: NOTICES

*To Creditors:  Your rights may be affected by this plan.*

You should read this plan and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation prior to the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. **The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.** *Creditors who are not individuals (i.e.: corporations, LLC's, etc.) must have an attorney in order to have their objections considered by the Court.* Creditors must file a timely proof of claim in order to be paid under any plan.

*To debtor:  You must check one box on each line to state if the plan includes the following items.  If an item is checked as "Not included," or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included ☒ Not included |
| --- | --- | --- |
| 1.2 | Debtor intends to avoid a judicial lien or security interest; see § 3.4. | ☒ Included ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included ☐ Not included |

### PART 2: PLAN PAYMENTS AND PLAN LENGTH

2.1 **Payments to the Trustee**: The future earnings or other future income of the debtor are submitted to the supervision and control of the trustee. The debtor (or the debtor's employer) shall pay to the trustee the sum of $4,102.10 per month for 5 months, then pay $4,010.00 for 55 months.

---

[1] *All references to "debtor" shall include both debtors in a joint case.*

1

**Total of base plan payments: $241,060.50**

**Payments shall be mailed to the Chapter 13 Trustee at**: Leigh Duncan Glidewell, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101-2238

**Plan Length: 60 months**

2.2 **Tax refunds:** Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term, **unless otherwise provided in Part 8.**

2.3 **Additional payments** (check one)
  ☒ None
  ☐ Debtor shall make additional payments as follows:_____

## PART 3: TREATMENT OF SECURED CLAIMS

Unless otherwise ordered by the Court, the claim amount(s), including the value of a secured claim, stated on a timely filed proof of claim will control over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

3.1 **Secured Debts Which Will Extend Beyond the Length of the Plan**
  ☐ None
  ☒ To be disbursed by the trustee during the plan:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Deutsche Bank National Trust Company c/o Select Portfolio Servicing, Inc. (Claim 5)** | **$291,806.78** | **$1,585.24** | **Contractual interest as in filed Proof of Claim** |

3.2 **Secured Debts Which Will Not Extend Beyond the Length of the Plan**

 (a) **Secured Claims Subject to Valuation Under 11 U.S.C. §506.**
  ☒ None
  ☐ Each of the following secured claims shall be paid through the plan as set forth below, until the secured value, as determined by the bankruptcy court, or the amount of the claim, whichever is less, has been paid in full. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim. *The debtor must file a proper motion or notice if any secured claim is to be paid less than the amount shown on a timely filed proof of claim.*

  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
|  |  |  |

(b) **Secured Claims Not Subject to Valuation Under 11 U.S.C. §506.**
 ☒ None
 ☐ Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name | Amount of Secured Claim | Interest Rate (If specified) |
|---|---|---|
|  |  |  |

(c) **Determination of Secured Status and Strip Lien (11 U.S.C. §506).**
 ☒ None
 ☐ The debtor intends to strip the lien(s) of each creditor listed below, and pay the claims as unsecured in accordance with Part 5, below. (***This provision requires that the debtor file a separate motion.***)

| Name | Amount of Claim | Description of Property |
|---|---|---|
|  |  |  |

3.3 **Prepetition Defaults**
 ☐ None
 ☒ Prepetition defaults owed to the following creditor(s) will be cured over the plan term, and payment of arrearages under this plan shall conclusively constitute payment of all pre-petition arrearages:

| Name | Amount of Default Cured | Interest Rate (If specified) |
|---|---|---|
| **Deutsche Bank National Trust Company c/o Select Portfolio Servicing, Inc.** | $112,138.26 | N/A |

3.4 **Motions to Avoid Lien**
 ☒ None
 ☐ The debtor intends to avoid a judicial lien or nonpossessory, nonpurchase-money security interest held by each of the creditors listed below. (***This provision requires that a separate motion be filed by the debtor.***)

| Name | Amount of Claim | Nature of Lien to be Avoided |
|---|---|---|
|  |  |  |

3.5 **Direct Payments to Creditors**

 ☐ None
 ☒ The debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Capital City Bank (Claim 7)** | $59,714.96; parties agreed to principal reduction, see Part 8, below | $354.87 | 5% on principal balance of $44,875.76 over 180 month term |

**Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the *in rem* rights of the creditors whose secured claims are being paid direct by the debtor in § 3.5, above.**

3.6 **Property to Be Surrendered**
 ☒ None
 ☐ The debtor surrenders the following property. Upon confirmation of this plan the stay under 11 U.S.C. § 362(a) shall be terminated as to the collateral only and the stay under § 1301 shall be terminated in all respects. Any creditor whose collateral is being surrendered may be entitled to an allowed unsecured claim, to be treated in Part 5 below. Certain Local Rules may apply to creditors whose claims are secured by property being surrendered.

| Name | Amount of Claim | Description of Property |
|---|---|---|
|  |  |  |

**PART 4: TREATMENT OF TRUSTEE'S FEES, ATTORNEYS FEES AND OTHER PRIORITY CLAIMS, INCLUDING DOMESTIC SUPPORT OBLIGATIONS**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4(c), will be paid in full without post-petition interest.

4.1 **Trustee's Fee:** Trustee's fees are governed by statute and will be paid through the plan. Trustee's fees may change during the course of the case.

4.2 **Attorney's Fee** (unpaid portion): $2,500.00 (fees) $300.00 (costs)
Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order(s) of this Court, the debtor shall file all required annual statements. Debtor's attorney may seek additional fees for filing required annual statements; if the plan is modified due to an increase in income shown on an annual statement, the debtor's attorney may seek additional fees for the plan modification. No advanced notice or opportunity to object to these fee applications will be given.

4.3 **Filing Fee** (unpaid portion): Any unpaid portion of the filing fee will be paid in accordance with the order granting the debtor's application to pay the filing fee in installments.

4.4 **Domestic Support Obligations**
 ☒ Debtor has no Domestic Support Obligations
 ☐ Debtor owes Domestic Support Obligations

  (a) Debtor is required to pay all domestic support obligation(s) that become due after the filing of the petition directly to the holder of the claim.

(b) The non-governmental holder(s) of any domestic support obligation(s) and the proposed payment of their claims are listed below:

| Claimant | Amount of Claim | Payment |
|---|---|---|
|  |  |  |

(c) The following domestic support obligations are assigned to, owed to, or recoverable by a governmental unit, and may be paid differently than domestic support obligations owed to private parties:

Claimant and proposed treatment: N/A

4.5 **Other Priority Claims**

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **State of Florida, Department of Revenue (Claim 8)** | $950.31 | N/A |

**PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS**

**5.1 General Nonpriorty Unsecured Claims**

Allowed nonpriority unsecured claims that are not separately classified in part 5.2 will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☒ A total of $500.00.
- ☐ 100% of the total amount of these claims, an estimated payment of $_____
- ☒ Funds remaining after disbursements have been made to all other creditors provided for in this plan. Allowed nonpriority unsecured claims shall be paid interest to the extent available, not to exceed 6%, unless otherwise provided in Part 8.

5.2 **Separately classified nonpriority unsecured claims.**

☒ None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

**PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**The executory contracts and unexpired leases listed below are assumed. All other executory contracts and unexpired leases are rejected.** *Check one.*
☒ None. *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

**PART 7: STANDARD PLAN PROVISIONS**

7.1 Title to the debtor's property shall re-vest in debtor on confirmation of a plan or dismissal of the case, unless otherwise provided in Part 8, provided that proceeds from any potential or pending cause of action or other asset not yet liquidated, are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

7.2 Except as provided above, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

7.3    Secured creditors and lessors to be paid directly by the debtor and/or co-debtors may continue to mail to debtor the customary monthly notices or coupons notwithstanding the automatic stay.

**PART 8: NONSTANDARD PLAN PROVISIONS**

☐ None. *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*
☒ Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box labeled "Included" in Part 1.3.***

**Part 2.2, Income tax refunds:** The Debtor will turn over to the trustee all income tax refunds received during the first three years of the plan term**.**

**Part 3.1, increases in post-petition mortgage payments:** If this plan provides for the Chapter 13 Trustee to disburse the regular monthly payments to a creditor for a mortgage on the Debtor's real property, the Trustee is authorized to adjust the payments to the creditor based on future Notices of Mortgage Payment change. The Debtor will modify the plan as necessary.

**Part 3.5 Direct Payments to Creditors:** Capital City Bank filed a secured claim in the amount of $59,714.96. The Debtor's personal liability for payment of this claim was discharged in the Debtor's previously filed Chapter 7 case (Case No. 17-10168-KKS, Northern District of Florida), however the claim is secured by a second mortgage on the Debtor's homestead. The Creditor proposed modification of the mortgage and agreed to waive the interest accrued prepetition, extend maturity date on the Note to April 7, 2037 and fix the interest rate at 5.00% for the extended loan term until maturity. The modified loan principal balance is $44,875.76 as of February 1, 2022 and the monthly payments will be $354.87 beginning May 7, 2022. The Debtor has executed the Note and Mortgage Modification Agreement and will file a Motion to approve he Agreement once it is executed by a representative of the Creditor. The Debtor shall make the modified mortgage payments directly to the Creditor, and the Creditor shall retain its lien until such time as the parties agree the claim has been satisfied.

**Abatement of Plan Payments:** During the life of the plan, and with notice only to the Chapter 13 Trustee, the debtor may file the Debtor's Election to Abate Plan Payment in a maximum of three (3) plan payments in a 36 month term case, and for a maximum of seven (7) plan payments in a 60 month case. The election can only be used for payment of necessary expenses, or loss of job, and must provide in the Debtor's Election the method to replace the estate funds, unless the Debtor's Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. The Debtor's Election may not be used to abate more than two (2) consecutive payments at any one time. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Abate for a plan payment abatement which does not meet the criteria of this plan provision. However, the Debtor's Election may not be used in any case in which the Trustee is paying the regular monthly mortgage payment through the Plan unless the abatement is only for a portion of the plan payment which will still allow payment of the mortgage payment and the trustee's fee. The Trustee is authorized to adjust the Debtor(s)' pay schedules as set forth in the Election by the Debtor upon the filing of the Election by the Debtor.

**Use of Tax Refunds:** During the life of the plan, and with notice only to the Chapter 13 Trustee, the debtor may file the Debtor's Election to Use Tax Refund for a maximum of thirty percent (30%) of each tax refund per year in a 36 month term case, plus an additional forty percent (40%) of each additional tax

refund per year in a 60 month case. The election can only be used for payment of necessary expenses, or job loss, and must provide in the Debtor's Election to Use Tax Refund the method to replace the estate funds, unless the Debtor's Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Use Tax Refunds for refunds which do not meet the criteria of this plan provision. This Plan provision does not relieve the Debtor of the duty to file and serve tax returns on the Trustee. The Trustee is authorized to adjust the Debtor's pay schedules as set forth in the Election by the Debtor.

**PART 9: SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY**

If the debtor does not have an attorney, the debtor must sign below; otherwise, the debtor's signature is optional. The attorney for the debtor, if any, must sign below.

/s/ Sharon T. SperlingDate: 04/8/2022
Sharon T. Sperling
Florida Bar No. 0763489
Attorney for Debtor
P.O. Box 358000
Gainesville FL 32635-8000
(352) 371-3117
(352) 377-6324 fax
sharon@sharonsperling.com

**By filing this document, the debtor, if not represented by an attorney, or the attorney for the debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form adopted by this Court effective on the date of signing, other than any nonstandard provisions included in Part 8. (www.flnb.uscourts.gov/sites/default/files/forms/lf13_21.pdf)**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Chapter 13 Plan has been furnished by electronic noticing to those listed below on 04/8/2022.

Leigh Duncan Glidewell
ldhdock@earthlink.net, ldhtre@earthlink.net;ldhadmin@earthlink.net
Kevin A. Forsthoefel
kforsthoefel@ausley.com, kreffitt@ausley.com
Keith S Labell
klabell@raslg.com, klabell@raslg.com
United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

/s/ Sharon T. Sperling
Sharon T. Sperling